Luo v. Lynch

BIA
Mulligan, IJ
A087 634 291

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of July, two thousand fifteen.

PRESENT:
  JOSÉ A. CABRANES,
  PETER W. HALL,
  GERARD E. LYNCH,
    *Circuit Judges*.

_____

AN QIANG LUO,
    *Petitioner*,

  v.                                          12-3730
                                              NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
    *Respondent*.

_____

FOR PETITIONER:        David J. Rodkin, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney
                       General; Stephen J. Flynn, Assistant
                       Director; Arthur L. Rabin, Attorney,
                       Office of Immigration Litigation,
                       United States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

An Qiang Luo, a native and citizen of the People's Republic of China, seeks review of an August 24, 2012, decision of the BIA affirming the December 9, 2010, decision of an Immigration Judge ("IJ") which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re An Qiang Luo*, No. A087 634 291 (B.I.A. Aug. 24, 2012), *aff'g* No. A087 634 291 (Immig. Ct. N.Y. City Dec. 9, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications, like Luo's, governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding

2

on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, "without regard to whether" they go "to the heart of the applicant's claim," so long as they reasonably support an inference that the applicant is not credible. 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008) (per curiam). We "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. In this case, the agency reasonably based its adverse credibility determination on the inconsistencies in Luo's evidence, his lack of plausible explanation for those inconsistencies, and his demeanor.

The IJ reasonably found that Luo was not credible because his testimony was inconsistent with statements in his asylum application, which in turn were inconsistent with his statements at his asylum interview. Luo's contradictory descriptions about the harm he suffered in China as a child, the fact that he could not give details about the articles he published despite claiming to be a strong political

3

activist, and the fact that his copies of those articles did not support his claim that they were published with his photographs, provide substantial evidence to support the agency's adverse credibility determination.  The discrepancies relate directly to Luo's allegations of past and future harm.  *See Xiu Xia Lin*, 534 F.3d at 166, 167. Furthermore, Luo failed to adequately account for the discrepancies between his testimony and the other evidence in the record; he did not deny that there were inconsistencies and his explanation for his lack of knowledge of the articles–that he cut and pasted the information–further undermined his claim that he is a political activist.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (agency need not credit explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

The adverse credibility determination is further supported by the IJ's demeanor finding to which we give particular deference as it is supported by the inconsistent testimony noted above.  *See Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005); *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006).

4

Given the unexplained inconsistencies related to the bases of the claims of past and future persecution, the totality of the circumstances supports the agency's adverse credibility determination, and we defer to that finding. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Because the only evidence of a threat to Luo's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5